**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ESTATE OF LESLIE JOHNSON, Deceased, by Dewanda Johnson, Administrator,<br><br>      Plaintiff,<br>v.<br><br>DIANA M. COLLISON, JASON P. CRISMAN, BRUCE K. ENGEL, DOUGLAS GOODING, TODD M. HAM, JARED R. PEARCE, MATTHEW ROEGGE, and CLINTON D. ZOLLER, Western Illinois Correctional Center employees; and JOHN and JANE DOES, unknown Western Illinois Correctional Center employees,<br><br>      Defendants. | Case No. 20 cv 03054<br><br>Hon. James E. Shadid<br><br>Hon. Jonathan E. Hawley, M. J. |

**MOTION FOR EXTENSION OF TIME TO COMPLETE
DISCOVERY AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, ESTATE OF LESLIE JOHNSON, Deceased, by and through its undersigned counsel, hereby request the Court to allow an additional 30 days for discovery and to grant Plaintiff leave to file a Third Amended Complaint, and in support thereof states as follows:

1.   This case involves the death of Leslie Johnson, an inmate at Western Illinois Correctional Center (WICC), who was fast approaching his parole date. Mr. Johnson was found unresponsive in his solo segregation cell on August 4, 2017, later pronounced dead. Postmortem examination determined that Mr. Johnson to have experienced hyponatremia (low sodium concentration, a condition that can be fatal) as well as multiple areas of blunt force trauma about his head, abdomen, forearms, and shins.

2.   Discovery in this matter was originally scheduled to close on October 29, 2021. (Dkt. 73.)

3. On October 13, 2021, the Court granted Plaintiff's unopposed motion for extension of time to complete discovery, extending the discover deadline to January 27, 2022. (Dkt. Entry 10/13/2021.)

4. On January 27, 2022, the Court granted Plaintiff's unopposed motion for extension of time to complete discovery, extending the discovery deadline until March 28, 2022. (Dkt. Entry 1/27/2022.)

5. Throughout, Plaintiff has since been actively engaged in discovery. Plaintiff has taken the following depositions:

| | |
|---|---|
| 03/17/2021 | Former inmate Jermaine Risper |
| 01/11/2022 | IDOC Investigator William D. Parker |
| 01/21/2022 | IDOC employee Dawn Scroggins pursuant to Rule 30(b)(6) |
| 01/21/22 | Defendant Lt. Diana Collison, retired |
| 01/24/2022 | Defendant C.O. Todd Ham |
| 01/25/2022 | Defendant C.O. Bruce Engel |
| 01/25/2022 | Defendant C.O. Jason Crisman |
| 01/31/2022 | Defendant [former] C.O. Clint Zoller |
| 02/02/2022 | Defendant Lt. Douglas Gooding, retired |
| 02/17/2022 | Defendant C.O. Matthew Roegge |
| 02/17/2022 | Defendant C.O. Jared R. Pearce |
| 02/25/2022 | Former inmate Mambu Fulgham |
| 03/25/2022 | Lt. Justin Maher pursuant to Rule 30(b)(6) |

| 03/25/2022 | Investigator Joshua Cheek pursuant to Rule 30(b)(6) |

6. Plaintiff's First Amended Complaint made use of the IDOC investigation into Mr. Johnson's death and named those corrections officers who were assigned to the Segregation Unit on the two shifts preceding Mr. Johnson's death. Plaintiff also named John and Jane Doe defendants to reflect the lack of information available to Plaintiff at the outset of discovery. Based on above depositions taken to date, Plaintiff needs to accurately name two of the John Doe defendants, filing a Third Amended Complaint.

7. Prior to the recent depositions, Plaintiff was unaware that there was unfettered access between the Segregation Unit, where decedent Leslie Johnson was found dead, and the adjacent Receiving Unit of the Western Illinois Correctional Center. Depositions revealed that the wall between the Receiving and Segregation Units was pierced to hold a lockable door that is essentially always left open, allowing the two units to act as a hybrid unit.

8. Plaintiff alleges that Leslie Johnson died as a result of the blunt force trauma inflicted upon him prior to his death. The only potential instruments of that harm are Mr. Johnson himself or those WICC corrections officers who issued the keys and access to unlock and enter his cell. According to the official records and all employee testimony, Mr. Johnson did not leave his cell in the two shifts prior to his death. No witness saw Mr. Johnson engaged in any self harm.

9. Plaintiff has discovered that in addition to several Segregation Unit officers on each shift, there was one officer assigned to the adjacent, connected, Receiving Unit. Not only are all officers in both units assigned the same sets of inventoried keys at the start of each shift (which open the

segregation cells, but the officer assigned to Receiving is often in the Segregation Unit throughout any given shift.

10. Until this recent set of defendant depositions, Plaintiff had no way of knowing that Receiving officers had as much access to Mr. Johnson's cell as Segregation officers. Plaintiff named John Doe defendants because of the possibility that discovery would yield additional defendants.

11. Consequently, Plaintiff seeks leave to name the two officers from the receiving unit, Jeffrey L. Settles, and Steve D. Renner, as additional named defendants.

12. Additionally, Plaintiff learned this past Friday, March 25, 2022, at the second of three designated Rule 30(b)(6) depositions of IDOC, that there was a functional video camera in the segregation unit at the time of Leslie's death, right outside his cell door, that at a minimum would have captured when Leslie's cell door was opened and closed, and may have captured individuals who entered and exited the cell. The IDOC investigator who investigated Leslie's death testified in January that he did not believe there were cameras in the area. Official investigation photos taken all around the cell, outside the cell, and in the surrounding area failed to capture an image of the ceiling mounted camera pointed toward Mr. Johnson's cell. Apparently no video footage was preserved, raising the possibility of a spoliation issue.

13. Plaintiff also seeks a short amount of time to complete discovery. As noted above, Plaintiff has been actively engaged in discovery. As noted in Plaintiff's prior motion, the oral discovery began in earnest over the three months. Also, this past Friday, March 25, 2022, at the third of the three Rule 30(b)(6) deposition of the IDOC, Plaintiff was provided with 11 policies and procedures during and after the deposition. These policies and procedures, according to the witness, had been

identified and obtained by the witness in early March. Plaintiff's counsel has not had the opportunity to review these documents to determine if they warrant additional discovery or clarification. Furthermore, at last Friday's earlier 30(b)(6) deposition, Plaintiff requested an exemplar output from the extemporaneously revealed security camera. Given Defendants' and IDOC's lack of forthright disclosure of the presence of this camera, Plaintiff may need to follow up further on questions asked about records documenting the timing and reasons for changes and additions in video camera placement. Plaintiff also seeks to subpoena the deposition of the county coroner who performed one of Leslie's autopsies.

14. Serving Officers Settles and Renner should not prove difficult or the source of unreasonable delay, even if IDOC chooses to not accept service at WICC. Plaintiff suggests that the short period of remaining discovery not commence until they have appeared.

15. Plaintiff's counsel reached out to Defense Counsel to inquire about Defendants' position on this motion, and were informed that Defendants oppose this motion.

For the foregoing reasons, Plaintiff requests that this Court

1) Grant Plaintiff leave to file a Third Amended Complaint, naming Officers Settles and Renner, within 14 days;

2) Allow an additional 30 days for Plaintiffs to complete discovery, beginning after Defendants Settles and Renner have appeared in the case.

**Dated: March 28, 2022**

Respectfully submitted,

**/s/ Jordan Marsh**
Jordan Marsh
Law Office of Jordan Marsh
5 Revere Drive Suite 200
Northbrook IL 60062
(312) 401-5510
jordan@jmarshlaw.com

**/s/ David M. Hundley**
David M. Hundley
Pendley, Baudin & Coffin
1100 Poydras St. Suite 2505
New Orleans, LA 70163
(312) 593-3354
dhundley@pbclawfirm.com

**/s/ Zubin Kammula**
Zubin Kammula, Esq.
Siegel & Moses, P.C.
8700 West Bryn Mawr
Avenue, Suite 720N
Chicago, Illinois 60631
(312) 658-2000
zubin@smlaw.org